```
 1               IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF IOWA
 2                         CENTRAL DIVISION
     ---------------------------
 3   UNITED STATES OF AMERICA,  :
                                :
 4                              :
              Plaintiff,        :  Criminal No. 1:19-MJ-00081
 5                              :
         vs.                    :
 6                              :  TRANSCRIPT OF
     JASON DOUGLAS WICKETT,     :  VIDEO-CONFERENCED
 7                              :  Preliminary Detention Hearing
              Defendant.        :
 8   ---------------------------

 9                                  United States Courthouse
                                    8 Sixth Street
10                                  Council Bluffs, Iowa 51501
                                    Monday, December 23, 2019
11

12    BEFORE:  THE HONORABLE HELEN C. ADAMS, Chief Magistrate
     Judge
13

14    APPEARANCES:

15

16    For the Plaintiff:        SHELLY M. SUDMANN
                                Assistant U.S. Attorney
17                              8 South Sixth Street, Suite 348
                                Council Bluffs, Iowa 51501
18

19    For the Defendant:        BRADLEY RYAN HANSEN
                                Assistant Federal Public Defender
20                              701 Pierce Street, Suite 400
                                Sioux City, Iowa 51101
21

22

23                      Lee Ann Eaton, CSR, RMR, CRR
                         Eaton.ReportingIA@gmail.com
24

25
```

```
 1                           I N D E X
 2   WITNESSES:      Direct     Cross     Redirect     Recross
 3     For the Government:
 4    None
 5                          E X H I B I T S
 6   GOVERNMENT'S EXHIBIT NUMBERS:         OFFERED      RECEIVED
 7    Exhibit 1                               5            5
```

```
 1                    P R O C E E D I N G S
 2            (The proceedings were commenced at 12:18 P.M., with
 3   the Court present in Des Moines, Iowa, and counsel and
 4   defendant present in Council Bluffs, Iowa.)
 5            THE COURT:  The next matter we have up is United
 6   States of America versus Jason Douglas Wickett, Criminal
 7   Case Number 1:19-MJ-81.  Mr. Wickett is present in the
 8   courtroom in Council Bluffs with Brad Hansen with the
 9   Federal Public Defender's Office.  Mr. Hansen, does
10   Mr. Wickett consent to today's hearing by video conference?
11            MR. HANSEN:  Yes, Your Honor.
12            THE COURT:  And Shelly Sudmann is representing the
13   United States Government, and, Ms. Sudmann, does the
14   Government also consent to today's proceedings by video
15   conference?
16            MS. SUDMANN:  Yes, Your Honor.
17            THE COURT:  Counsel, first of all, I apologize to
18   you.  We have had an extremely busy morning, as you can
19   imagine, so I apologize that we're late, but we're going to
20   just keep working.  So whenever you're ready, does the
21   Government have any witnesses that it plans to present with
22   respect to the preliminary and/or detention hearing?
23            MS. SUDMANN:  Your Honor, based on my
24   conversations with Mr. Hansen, I believe we're just -- the
25   only issue before the Court is the detention hearing.
```

1           THE COURT: All right. Is that correct,
2    Mr. Hansen?
3           MR. HANSEN: Yes, Your Honor. We'll submit on the
4    probable cause determination.
5           THE COURT: All right. And the Court does find
6    probable cause to believe that Mr. Wickett has, in fact,
7    engaged in the allegation against him of possession of child
8    pornography.
9           All right. Does the Government have any witnesses
10   with respect to the detention issue?
11          MS. SUDMANN: Your Honor, based on agreement by
12   defense counsel, the Government is just going to proffer the
13   information for the Court to consider as part of the
14   detention hearing.
15          THE COURT: All right.
16          MS. SUDMANN: Your Honor, a search warrant was
17   executed at Mr. Wickett's residence, and at his residence, a
18   USB device was found that contained child pornography, and
19   the computer of Mr. Wickett's contained child pornography.
20   One image was of a prepubescent minor with a lascivious
21   display of her genitals. Also as part of the search,
22   evidence that Mr. Wickett had used Tor, which is an area of
23   the internet, as well as Tails, which is a separate device
24   that is inserted into a computer and operates Tor off of
25   that USB drive so that once it's removed, that there's no

```
 1   evidence on the computer of what transpired through the use
 2   of the computer.
 3            Also as part of the search warrant, Mr. Wickett
 4   was interviewed, and he made the following admissions:  He
 5   admitted that that morning he suspected law enforcement were
 6   in the area, and he took a CD and thumb drive and threw it
 7   in the river before he went to work, and those devices
 8   contained child pornography.
 9            He also admitted that he has ran scenarios in his
10   head to try and have sex with a minor but has been
11   unsuccessful with coming up with a plan that he wouldn't get
12   caught.  Also, he admitted to accessing Tor, and through
13   Tor, he accessed child pornography websites, and he had
14   shared child pornography on those websites to the point that
15   he had elevated status on the website so he could enforce
16   the rules upon other people that accessed the website.
17            He also admitted to having conversations with a
18   13-year-old child the night before the search warrant on
19   Google Hangouts, and then he also made several admissions
20   about a -- prior hands-on victims that is detailed out in
21   Exhibit 1, which the Government would offer.
22            THE COURT:  Any objection to Exhibit 1?
23            MR. HANSEN:  No, Your Honor.
24            THE COURT:  Exhibit 1 is admitted for purposes of
25   the detention hearing.
```

1              MS. SUDMANN:  The only other comment the
2    Government would like to make as part of the proffer is
3    although the pretrial services report indicates that
4    Mr. Wickett does not have a criminal history, a criminal
5    history that was ran by law enforcement shows that
6    Mr. Wickett has a serious injury by vehicle stemming from
7    December 30th of 1996, and that is referenced in Exhibit 1.
8    That accident in which the defendant was charged killed his
9    16-year-old girlfriend, and the Government also shows that
10   Mr. Wickett has an OWI conviction as well.
11             Based on those reasons as well as the presumption,
12   the Government would submit to the Court that the defendant
13   is not a flight risk but that he is a danger to the
14   community based on his activity online and his prior
15   hands-on victims and recent conversations with a 13-year-old
16   child.
17             THE COURT:  Mr. Hansen, any proffer or evidence?
18             MR. HANSEN:  I have a proffer, Your Honor.
19             THE COURT:  Okay.
20             MR. HANSEN:  Your Honor, I would proffer on
21   Mr. Wickett's behalf in response to the Government's
22   proffer, he has indicated that the conversation on Google
23   Hangout that the prosecutor referenced didn't happen the
24   night before his arrest, did happen, but not that recent.
25             I would also proffer on his behalf that

1  Mr. Wickett said he does not actually have a conviction for
2  OWI.  He does have the other conviction that was referenced
3  by the prosecutor.
4        I would proffer that my office has spoken with
5  Monte Most, spelled M-O-N-T-E, last name Most, M-O-S-T.
6  He's a shipping manager at Mr. Wickett's place of employment
7  at Carry-On Trailers.  Mr. Most has told us that if
8  Mr. Wickett were to be released, he would be free to return
9  to his employment.
10       I would also proffer on Mr. Wickett's behalf that
11 he is aware of the conditions that would be required for his
12 release, and he is willing to submit to them if the Court
13 does order his release.
14       That concludes the proffer, Your Honor.
15       THE COURT:  Where would he be living, Mr. Hansen?
16       MR. HANSEN:  He would live, as indicated in the
17 pretrial services report, with his mother up in Little
18 Sioux.  In addition, the probation officer spoke with
19 Mr. Wickett's mother.  We spoke with her as well, and she
20 confirmed that she is willing and hopeful that Mr. Wickett
21 will come back home to live with her.
22       THE COURT:  And my understanding from the
23 probation report is that she does have internet and
24 computers, but she is willing to remove those from her home?
25       MR. HANSEN:  That's correct, Your Honor.

1           THE COURT: Okay. Let's have argument on behalf
2  of the Government.
3           MS. SUDMANN: Your Honor, a review of
4  Mr. Wickett's statements alone, he is a danger to the
5  community. He's actively -- based on his own admissions,
6  he's actively on the Tor network accessing child pornography
7  sites. He admitted to distributing child pornography on
8  these websites and enforcing the rules to other people
9  looking at these child pornography websites.
10          He also made several admissions in Exhibit 1 that
11 would indicate that he has prior hands-on victims, so as an
12 adult, he has had sex with minors. He admitted to law
13 enforcement at the time of the search warrant that he had
14 conversations with the 13-year-old the night before, that
15 they were sexual in nature, and which is concerning to the
16 Government that he is continuing this type of behavior in
17 addition to looking at child pornography and distributing
18 child pornography.
19          He also admitted that he had ran scenarios in his
20 head to where he would have sex with a minor if he could
21 figure out a way to do it without getting caught,
22 essentially. So all of these things show that Mr. Wickett
23 is a danger to the community, and anything that's been
24 proffered as far as a potential release plan, staying with
25 his mom, going back to his work, these are all things that

1  he was doing while he was engaging in this illegal behavior,
2  and so based on all of those reasons, the Government would
3  ask the Court to detain Mr. Wickett.
4          THE COURT:  Mr. Hansen.
5          MR. HANSEN:  Your Honor, Mr. Wickett asks for
6  release subject to the Adam Walsh conditions.  The nature
7  and circumstances of the alleged offense are certainly
8  concerning, but I do think it remarkable that Mr. Wickett
9  was as cooperative and, apparently, as truthful as he was
10 with law enforcement when he was confronted about this
11 behavior.  That suggests to me that if he were under the
12 supervision of a probation officer, he would also be
13 cooperative and truthful as well.
14         There's certainly concerning allegations of
15 hands-on activity reflected in Exhibit 1.  I would note that
16 the last of these activities apparently occurred when
17 Mr. Wickett was 23 years old.  He's now 46, so that's pretty
18 dated behavior.  He has admitted that he has these desires,
19 but if you look to the second-to-the-last paragraph of
20 Exhibit 1, he recognizes that it's wrong.  He has thought
21 about it, but he doesn't view himself as having any
22 opportunity or desire to act out on these thoughts that he
23 has.  He has no previous convictions for similar conduct.
24         Again, even if he were released, it would be
25 subject to very strict conditions under the Adam Walsh Act.

```
 1  His history and characteristics support release.  He has a
 2  place to live.  There are no children present in his home.
 3  He lived with his mom.  She is supportive.  She is willing
 4  to do what she has to do to get him home.
 5            He also has a place to work, another tie to the
 6  community, at Carry-On Trailers.  So those are all things
 7  that he has in his favor and suggest that release is
 8  appropriate, so we're asking for the Court to release
 9  Mr. Wickett under the Adam Walsh conditions.
10            THE COURT:  All right.  Thank you.  I have had a
11  chance to review the pretrial services report, and I do note
12  that probation did make the recommendation of detention.
13            At this time I am going to order a -- enter an
14  order setting conditions of release for Mr. Wickett.  I do
15  believe there are a set of conditions that I can place upon
16  him that will reasonably assure the safety of the community
17  and others.
18            Those conditions will include the following:  That
19  he not commit any offense or violation of federal, state or
20  local law while on release, that he shall immediately advise
21  the Court and defense counsel and U.S. Attorney in writing
22  of any change in address or phone number.  He shall appear
23  at all proceedings as required and show up for any further
24  hearings at the United States Courthouse in Council Bluffs
25  as scheduled from time to time.  He shall also surrender for
```

1  a sentence if one is imposed.
2          He shall report to the United States Probation
3  Office at their request.  He shall maintain or actively seek
4  employment.  If he has a passport, he shall surrender that
5  to the United States Probation Office and not obtain any new
6  passport.
7          His travel will be restricted to the Southern
8  District of Iowa.  Does he travel into Nebraska for work?
9          MR. HANSEN:  No, Your Honor.
10         THE COURT:  Okay.  Travel restricted to the
11 Southern District of Iowa, unless he gets permission from
12 probation or the Court to travel outside of there.  And he
13 shall reside with his mother, refrain from possessing any
14 firearms, ammunition, destructive devices or other dangerous
15 weapons.  Any weapons in the home?
16         MR. HANSEN:  No, Your Honor.
17         THE COURT:  Refrain from use of alcohol, refrain
18 from use or unlawful possession of a narcotic drug or other
19 controlled substance unless that's been prescribed for him
20 by a licensed medical practitioner, submit to any method of
21 testing required by the probation office to determine if he
22 has used prohibited substance and do not in any way attempt
23 to obstruct or tamper with that testing.
24         Participate in a program of in-patient or
25 out-patient substance abuse therapy and counseling if deemed

```
 1   advisable by the probation office.
 2              He will have home detention, so you will be
 3   restricted to your residence at all times except for
 4   employment, education, religious services, medical,
 5   substance abuse or mental health treatment, attorney visits,
 6   court appearances, court-ordered obligations or other
 7   activities approved in advance by the probation office, and
 8   you will have location monitoring technology as directed by
 9   the United States Probation Office.
10              If you have any contact with law enforcement, you
11   shall report that as soon as possible to the United States
12   Probation Office and permit a probation officer to visit you
13   at any time at your home or other approved residence.
14              Additionally, due to the nature of charges, you
15   will have the following conditions:  You shall not possess
16   or access or view any form of pornography.  You shall have
17   no contact with minors, individuals under the age of 18,
18   without written approval of pretrial services.  You shall
19   not loiter -- that means to remain in areas for no obvious
20   reason -- near areas frequented by minors including, but not
21   limited to, parks, playgrounds, schoolyards and swimming
22   pools.  You shall not use or possess any computer, including
23   cellular telephones, that is connected or has the capability
24   to be connected to the internet.  That includes at
25   employment without prior authorization.  If probation
```

1   permits you authorization, you have to have access to a
2   computer, it will have to have certain software on it that
3   will conduct random searches for all forms of pornography.
4           You shall not record images or take photos of
5   minors and shall not possess any video equipment, including
6   cellular phones, that have the ability to do so.  You shall
7   notify probation of every location that mail is received in
8   your name, and your employment must be approved by the
9   probation office, as is true of your residence.  And then
10  you shall participate in specialized treatment as directed
11  by the probation office.
12          Mr. Wickett, do you understand the conditions I
13  have placed upon you?
14          THE DEFENDANT:  Yes, ma'am.
15          THE COURT:  All right.  So that does include the
16  fact that your mom will have to remove the internet and
17  computers and any USB drives or anything related to that
18  from her home.  To the extent that she has a cellular
19  telephone that's connected to the internet or can connect to
20  the internet, you cannot use that or have access to it, and
21  she will have to tell probation about that so that they have
22  appropriate information in there.
23          And then also, they will have to get you on
24  location monitoring when you're released from jail, so you
25  will have to work that out through the probation office; and

1   Mr. Hansen can help you in that regard.

2         It's important that you follow those conditions.

3   If you fail to follow any, you could be brought back to

4   court, and at that time the Court would make a determination

5   as to whether or not you could be detained at that point in

6   time and your pretrial release revoked.  Also, you could be

7   subject to contempt of court sanctions which could result in

8   a prison term, a fine or both.

9         Do you understand the penalties if you don't

10  follow these conditions?

11         THE DEFENDANT:  Yes, ma'am.

12         THE COURT:  All right.  I do want to make a couple

13  of findings for the record.

14         I do find that the defendant has rebutted the

15  presumption with respect to the release plan that they have

16  produced.  Again, it's just a burden of production at this

17  level, not a burden of persuasion.  However, the presumption

18  does not just fall away.  It's still a factor for the Court

19  to consider, but I do think given the seriousness of the

20  incidents here that are old in nature, while very serious in

21  nature, but they occurred over 20 some years ago,

22  Mr. Wickett appears to -- while he does have some ongoing

23  concerns in terms of his thoughts about minor children, he

24  has not apparently acted on them and understands that that's

25  something he cannot do.

1                    I think putting him with his mother should help in
2     that regard, although I am concerned that his child
3     pornography was occurring in that residence; however, by
4     removing the internet capability, that should help us create
5     a set of conditions that will reasonably assure the safety
6     of the community.  I don't find anything on his record that
7     would suggest that Mr. Wickett would be a flight risk at
8     all, so I am not making -- other than finding that there's
9     nothing that would suggest that, there is no need to make
10    any further findings with regard to that; but I do find that
11    these conditions would reasonably assure the safety of the
12    community and others.
13                   Mr. Wickett, just so you know, the Government does
14    have the right to appeal my decision.  That appeal would go
15    to a district judge, and then they would review the matter
16    separately; and if they agreed with me, you would remain on
17    release.  If they disagreed with me, then you could be
18    detained at that time if their order indicated that.
19                   All right.  Anything further, other than me
20    getting this paperwork over to you all so that you can have
21    Mr. Wickett sign it, that we need to handle on behalf of the
22    Government?
23                   MS. SUDMANN:  Yes, Your Honor.  The Government is
24    making an oral Motion to Stay and just letting the Court
25    know that there will be a formal motion on file within the

1  hour.
2        THE COURT: All right. So you're making a Motion
3  to Stay so that you can file an appeal?
4        MS. SUDMANN: Yes, Your Honor.
5        THE COURT: Okay. At this point in time, what I
6  will do is, I will grant the motion, the oral Motion to Stay
7  the Court's ruling setting conditions of release, until
8  Friday of this week, which would be the 27th, and then go
9  ahead and get your written ruling on file; and then that
10 shall be directed to the district judge who gets assigned to
11 the case -- I don't know who that will be yet -- and then
12 they will deal with it from then on. Okay?
13       MS. SUDMANN: Thank you.
14       THE COURT: You're welcome. Anything further on
15 behalf of the defendant, other than we still need to get
16 this paperwork signed, Mr. Hansen?
17       MR. HANSEN: No, Your Honor.
18       THE COURT: Okay. Let me get this over to you so
19 we can get that done.
20       (Proceedings concluded at 12:37 P.M.)
21
22
23
24
25

```
 1              CERTIFICATE TO TRANSCRIPT
 2     The undersigned, Certified Court Reporter in and for the
 3  State of Iowa, hereby certifies:
 4          That she acted as such reporter in the above
 5  entitled cause in the United States District Court, Southern
 6  District of Iowa, before the Judge stated in the title page
 7  attached to this transcript, and took down in shorthand the
 8  proceedings had at said time and place.
 9          That the foregoing pages of typewritten matter is
10  a full, true and complete transcript of said shorthand notes
11  so taken by her in said cause, and that said transcript
12  contains all of the proceedings had at the times therein
13  shown.
14          Dated this 24th day of December 2019.
15
                       /s/  Lee Ann Eaton
16                     Certified Court Reporter
17
18  Transcript Ordered: December 23, 2019
19  Transcript Delivered: December 24, 2019
20
21
22
23
24
25
```