IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 1:19-cr-0070 |
| v. | ) | |
| | ) | GOVERNMENT'S SENTENCING |
| JASON DOUGLAS WICKETT, | ) | MEMORANDUM |
| | ) | |
| Defendant. | ) | |

Comes now the United States of America, by and through the United States Attorney for the Southern District of Iowa and the undersigned Assistant United States Attorney, and respectfully submits its Sentencing Memorandum.

Defendant is scheduled to be sentenced on September 4, 2020 following defendant's plea of guilty on April 22, 2020, to Count 1 of the Superseding Indictment filed on February 25, 2020, charging Distribution of Child Pornography, in violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1).  The Presentence Investigation Report ("PSR") calculated a Total Offense Level of 43 and a Criminal History Category of II for a guideline range of life, which becomes 240 months, the maximum sentence allowed by statute.  (PSR ¶ 89).  The issues to resolve at sentencing are the correct guideline calculation to establish the guideline range and the appropriate/reasonable sentence to be imposed after full and fair consideration of the 18 U.S.C. § 3553(a) factors.

**I.      The Advisory Guideline Calculation**

The government contends that the PSR properly calculated the advisory guideline range as set forth in the PSR. (PSR ¶ 89.)  Count 1, Distribution of Child Pornography has a base offense level of 22. (PSR ¶ 31.)  There is a 2-level enhancement for each of the following: material involving a prepubescent minor, the offense involved a computer, and obstruction of justice. (PSR

1

¶¶ 32, 36, 40.) There is a 4-level enhancement for material involving violence, sadistic or masochistic. (PSR ¶ 34.) There is also a 5-level enhancement for exchanging child pornography for valuable consideration, pattern of activity, and number of images of 600+. (PSR ¶¶ 33, 35, 37.) There is a 3-level decrease for acceptance of responsibility for a total offense level of 39. (PSR ¶¶ 43, 44.)

The defendant made several objections to the PSR and the government will address each objection that is relevant to an enhancement that affects the total offense level. The defendant objected to the obstruction of justice enhancement. (DCD 62.) The defendant told law enforcement that he left for work and then went back home to retrieve child pornography because he thought the police were watching him and then threw the child pornography into the river. Since the defendant objected to this enhancement, the government will call Special Agent Rob Larsen to testify at the sentencing hearing.

The defendant also objected to the timeframe of the offense starting as early as 2013. This objection then has an impact in the calculation of the defendant's criminal history points. The file dates on some of the child pornography that was documented during the forensic examination establishes a date range as early as 2013. If the Court determines this date to be accurate, the beginning timeframe of this crime is within the fifteen year timeframe. (PSR ¶ 49.) Based on the above calculation and relevant guideline provisions, the PSR properly added the 3 points to Wickett's criminal history for a Criminal History category II. (PSR ¶ 50.)

II.     Title 18 U.S.C. § 3553(a) Factors.

The government asserts that the defendant's conduct warrants a sentence at the statutory maximum, which is also the guideline range. The Court clearly has the authority to vary from the recommended sentence based on factors listed in 18 U.S.C. § 3553(a). The Court is not required

to do so however.   In any event, the Court needs to determine a "reasonable sentence" using the Guidelines established sentence as a starting point.

The first factors the Court looks at is, the nature and circumstances of the offense and the history and characteristics of the defendant.   The defendant distributed child pornography to other likeminded people on a website located on the TOR network. (PSR ¶¶ 16, 17.) The defendant is a sophisticated computer user who utilized his child pornography to elevate his status on the child pornography sites he accessed. (PSR ¶ 17.)

The defendant had child pornography on several different devices located during the search warrant on a HP desktop and SanDisk USB flash drive. (PSR ¶ 19.)   The child pornography located ranged from age five to preteen and some images were of children being sexually abused. (*Id*.)   The timeframe of the defendant's activity spanned several years. (*Id*.)   Forensics also determined that several other USB devices had been utilized but not located which would be consistent with the Defendant reporting to law enforcement that he through some of his pornography into the river. (PSR ¶ 23.)

The defendant engaged in conversations on these child pornography sites that are disturbing, graphic as to his intent, and compromise the safety of children online and the community.   The conversations detail his sexual interest in children.   (See PSR ¶ 15 a-j.)   The defendant admitted that he was actively communicating with a child online. (PSR ¶ 22.)

The Court may take into account that the defendant had an extended period of years where he was not convicted of any crimes.   The defendant's criminal history is factored into the advisory guideline range.   The defendant also worked and lived with his mother at the time of his arrest. The defendant has consistently been employed. (PSR p. 14.)   The defendant appears to have a well-adjusted childhood with no traumatic events. (PSR p. 12.)   The defendant also did not report

any substance abuse or mental health concerns. (PSR p. 13.) These mitigating factors may be considered and weighed with the aggravating factors of this case.

The aggravating factors are substantial. The defendant admitted to previous hands on contact with children. (PSR ¶ 21.) The defendant since being sent to prison for Second Degree Reckless Homicide and Injury, an incident that ended in the death of his 16 year old girlfriend, has continued to engage in activity consistent with his sexual interest in children. (PSR 49.) The defendant carried on suggestive chats online with a child, distributed, received, and possessed child pornography and engaged in sexual conversations about sex with children on TOR hidden websites. The defendant's entire adult life has revolved around his the sexual abuse of children.

The Court must consider adequate deterrence to both this defendant as well as others who are similarly situated and to those that pay attention to the sentences imposed for child pornography crimes. The Court should also consider the protection of the community when crafting an appropriate sentence. A sentence that starts at the statutory maximum and ends within the guideline range is appropriate and necessary due to the seriousness of the offense and the ongoing conduct of the defendant.

        Respectfully Submitted,

        Marc Krickbaum
        United States Attorney

By:   *S/Shelly Sudmann*
      Shelly Sudmann
      Assistant United States Attorney
      8 South 6th Street, Suite 348
      Council Bluffs, Iowa 51501
      Telephone: (712) 256-5009
      Fax:   (712) 256-5112
      Email: shelly.sudmann@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2020, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system. I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

____U.S. Mail   ____ Fax   ____Hand Delivery

__X__ECF/Electronic filing   ____other means

UNITED STATES ATTORNEY

By: */s/ PAC*_____
     Paralegal Specialist